## CIRCUIT COURT OF ARLINGTON COUNTY

Hugh V. Clark

v.

Donald Long

August 25, 1971

Case No. (Law) 10305

By JUDGE WALTER T. McCARTHY

This case is before the Court on a motion of the defendant to dismiss because process was served more than one year after the commencement of the action and a motion to strike the motion to dismiss.

The action was begun in January, 1965. Process was served in November, 1966, more than one year after the commencement of the action.

The defendant's motion to dismiss is based upon the one-year prohibition contained in the last paragraph of Rule 3:3 of the Rules of the Supreme Court of Appeals which reads as follows:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

Undisputed service was effectuated upon the defendant on January 22, 1971. The defendant's motion to dismiss was filed March 2, 1971, admittedly 21 days after that service.

The plaintiff has moved to strike the defendant's motion to dismiss. The claim is that the motion to dismiss is in effect a plea in abatement, required to be filed within 21 days of service without exception; or that at least it is a pleading in response to the plaintiff's notice of motion and therefore had to be filed within 21 days, Rule 3:5, or after good cause shown and extension granted. (Rule 3:13)

The Court disagrees with the contention of the plaintiff made upon his motion to strike. The motion of the defendant is not a plea in abatement. Its object is not to require the plaintiff to correct a writ or anything else. It is a plea to the jurisdiction or power of the Court to enter a judgment. It is very similar to the statute applicable to practice under the old rules Section 6079 of the Code of 1919 requiring the Clerk to dismiss if a Bill or Declaration was not filed within one month after service. The effect was automatic and could only be avoided by a showing of good cause. The burden was upon the plaintiff to show good cause.

The effect of Rule 3:3 is automatic. No motion by the defendant is necessary. The burden of initiative is upon the plaintiff, he must not only show diligence he must seek the opportunity to show. If he does not the Court may act sua sponte or ex mero motu. The motion to strike the defendant's motion is denied.

The plaintiff has here been given the opportunity to show diligence and in the opinion of the Court he has failed. He had the opportunity before he sought service upon the Commissioner in November 1966, to proceed by filing the affidavit referred to in the last paragraph of Section 8-67.2 to obtain service. He did not take advantage of this provision of the Code.

The Court is of the opinion that the Plaintiff has not brought himself within the exception provided. The motion to dismiss will be granted.